A. L. Strachan & Son for the Use of Continental Casualty Company, Appellee, v. Illinois Brick Teaming Company, Appellant.

Gen. No. 35,264.

Opinion filed November 24, 1931.

Geo. D. Anthony, for appellant; John E. Wilson, of counsel.

Abraham Lepine, for appellee.

Mr. Presiding Justice Gridley delivered the opinion of the court.

In a 4th class action in tort, commenced in the municipal court on April 5, 1929, there was a trial before a jury in February, 1931, resulting in a verdict finding defendant guilty in manner and form as charged in plaintiff's statement of claim and assessing plaintiff's damages at $283.75. After overruling motions for a new trial and in arrest of judgment the court, on March 7, 1931, entered judgment on the verdict against defendant, and the present appeal followed.

In its statement of claim plaintiff alleged in substance that on May 6, 1927, it had in its employ one

John Hayes, who was standing in the 63rd street team tracks of the Baltimore and Ohio Railroad Co., in Chicago, and who was then and there in the exercise of due care for his own safety; and that defendant then and there so carelessly and negligently operated its autotruck that it collided with and against Hayes and severely injured him. Plaintiff further alleged that under and by virtue of the Illinois Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 201 *et seq.*, it became liable for medical and hospital bills and compensation payments for Hayes; that the Continental Casualty Co., by virtue of a certain policy issued to plaintiff, assumed such obligations and did pay out the sum of $283.75; and that, under and by virtue of said Compensation Act, it became subrogated to the rights of Hayes, etc.

In defendant's affidavit of merits it denied that Hayes at the time of the accident was in the exercise of due care for his own safety; denied any negligence on its part; denied that it was in any way liable for Hayes' claimed injuries; and alleged that it had no knowledge of plaintiff's obligations to Hayes for compensation payments, etc., or of plaintiff's policy issued by the Continental Casualty Company, or of payments made under it by said Casualty Co., and demanded strict proof thereof.

On the trial plaintiff called as witnesses said Hayes and George F. McLannon, another of its employees, and both testified as to the details of the accident. Plaintiff introduced further oral and documentary evidence (not abstracted) tending to prove those allegations of its statement of claim as to its liability to Hayes for compensation payments, etc., as to its policy in the Continental Casualty Co., and as to the payments (aggregating $283.75) made thereunder by said Casualty Co. As to these last mentioned matters there is no contest on this appeal. Defendant's counsel, in

their brief here filed, state: ''We are eliminating these points, both in abstracting the evidence and in this brief, and have limited this appeal to the questions of the contributory negligence on the part of the injured man (Hayes), the lack of negligence on the part of defendant, and the court's errors in overruling defendant's motions to direct the jury to find defendant not guilty and in refusing to grant a new trial.'' Defendant's two witnesses were Fred Kinnigike, a helper on defendant's truck, and Marion Kozloski, the driver of the truck.

The evidence disclosed that at the time of the accident (May 6, 1927) the Baltimore and Ohio R. R. Co. maintained at least two team tracks north of 63rd street (an east and west street) in Chicago. These tracks ran in a northerly and southerly direction. Between them was a gravel or stone roadway *25 feet wide* at least. There were freight cars standing on both tracks. Teams (i. e., horses and wagons) and autotrucks were accustomed to drive onto the roadway from 63rd street and receive freight from the cars. Hayes testified in substance on direct examination that he was in plaintiff's employ as a teamster; that early in the morning he went to the team tracks, driving a team of horses hitched to a four-ton coal wagon, to get a load of cement out of a freight car, which was standing with other cars on the track immediately *east* of the roadway; that after driving his team onto the roadway he stopped close to the line of freight cars on said *east* track; that the team and wagon were facing *north* and less than one foot away from one of the cars on said east track; that he could not immediately get access to the particular car from which he was to obtain the cement; that he assisted another teamster in loading a wagon from another freight car; that his turn came, and he went back to the rear of his wagon for the purpose of ''letting the tail gate down,'' before

moving his wagon to the proper freight car; that as he was standing at the rear of his wagon, with his face to the north, he opened the tail gate and immediately stepped towards the left (west) and then towards the north alongside and close to the west side of his wagon, intending to get up upon the driver's seat; and that when he had taken about two steps to the north, defendant's truck, coming from the south and which he had not seen, struck him, knocked him down and broke one of his legs, etc. On cross-examination he testified in substance that the box of his wagon is about four feet wide; that at the time of the accident there was no wagon standing *opposite* to him on the west side of the roadway and east of the west team track; that the rear end of his wagon was about 15 feet north of 63rd street; that he "heard the truck coming," just as he was letting down the tail gate, but did not see the truck before he was struck; and that he "just simply stepped out to go alongside the wagon." McLannon, plaintiff's other witness, testified that at the time of the accident he was standing in, and looking out the doorway towards the west of, a freight car on said east track; that he saw defendant's truck turn from 63rd street into the roadway; that he saw Hayes stand at the rear of his wagon, open the tail gate, and then move towards the west and around the rear of the wagon; that, hearing somebody "holler," he jumped out of the car door and found Hayes lying on the ground *"within a foot* of his wagon," and a "front wheel of the truck on his leg."

Defendant's witness, Kinnigike, testified in substance that he was sitting on the truck to the right of the driver, Kozloski; that the truck turned from 63rd street into the roadway and came to a stop, facing north; that the driver started the truck again in first speed; that it thereafter moved at a speed not to exceed three miles an hour; that the witness noticed that

there were standing teams on each side of the road-
way, that a standing team on the west side of the road-
way was facing south, that plaintiff's standing team
and wagon were facing north on the east side of the
roadway and that a man (Hayes) was at the rear of
the wagon, facing *north* and "working on the tail
gate"; that defendant's truck is about eight feet wide;
that as the truck advanced the witness further noticed
that the space between the truck and each standing
team was only "about two feet"; that as the truck
was about to pass plaintiff's wagon, "the man stepped
out from behind the wagon"; and he (the witness)
cried "look out," so as to "give warning" to the man,
and also to the driver of defendant's truck who then
was watching the team on the west side of the road-
way; that before the truck was stopped, "the man was
caught by the fender, . . . and fell, with his face
north and his legs south"; that when he first stepped
out from behind the wagon "we were about three feet
from the wagon and behind it"; and that defendant's
truck, at the speed it then was going (three miles an
hour), could be stopped in "about two feet."

Kozloski, the driver of the truck, corroborated Kin-
nigike as to there being standing teams on both sides
of the roadway, between which he attempted to go.
On direct examination he testified: "I seen that man
behind the wagon fixing his tail gate, so I stopped; he
left the tail gate at the same time I started the truck
again; he jumped from the truck; I couldn't see much,
because the car was higher than the man; the helper
(Kinnigike) told me to stop; so I stopped and backed
up." On cross-examination he testified: "I stopped
the truck because I saw the man about 3 or 4 feet from
me; I saw the standing wagon; *I was figuring I could
make it:* the man was letting down the tail gate; . . .
*I don't think I blew my horn,* because the truck makes
lots of noise."

Defendant's counsel here contend that the trial court erred in not granting defendant's motions (made at the close of plaintiff's evidence and at the close of all the evidence) for a directed verdict in its favor. They argue that it sufficiently appears from Hayes' testimony that he was guilty of such contributory negligence as bars a recovery by plaintiff *as a matter of law*. We cannot agree with the contention or argument. It is true that Hayes testified that while he was letting down the tail gate of his wagon he "heard the truck coming" and immediately without looking stepped to the west and then to the north to go *alongside* the wagon. Yet we are of the opinion, under all the facts and circumstances in evidence, that it was for the jury to say whether or not he was guilty of contributory negligence. We think he had a right to assume, in view of the then ample space in the driveway to the west of his standing wagon, that no truck or vehicle, coming from the south, would be driven (especially without sounding a horn) so close to said wagon as to injure him while he was passing alongside of and close to it. And we do not think that the decisions in several street railway cases, cited by counsel, are in point. In those cases it appears in substance that the injured person, without looking, stepped or drove on to a railway track and into the path of an on-coming street car, with knowledge that such cars frequently traveled on said *track*.

And we think that there was ample evidence justifying the jury in finding that the driver of defendant's truck was guilty of negligence which proximately caused the injuries to Hayes.

The judgment of the municipal court should be affirmed and it is so ordered.

*Affirmed.*

KERNER and SCANLAN, JJ., concur.